Cite as 2023 Ark. App. 289

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-560

| | |
|---|---|
| ROSS LEON SEGROVES<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered May 17, 2023<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-20-320]<br><br><br>HONORABLE CINDY THYER, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Ross Leon Segroves, appeals his conviction for one count of rape for which he was sentenced to ten years in prison. Segroves alleges that there is insufficient evidence to support his conviction. We affirm.

Segroves admitted that he and a woman who worked for him ("the victim") had sexual relations on December 4, 2019. That morning, Segroves picked up the victim and drove her to his auto refurbishing shop that was next to his house. The victim and Segroves were drinking on and off that day. She believed that Segroves spiked a drink he had made for her, causing her to lose consciousness. When she regained consciousness on Segroves's living room couch, Segroves's penis was in her mouth, which she slightly bit to get him to remove it. The victim said that Segroves then forcibly held her down and had sexual intercourse with her despite her physical and verbal protests for him to stop.

The victim called a friend to pick her up and take her home. Her boyfriend was informed of what happened, and her boyfriend called an officer to come to the house. After speaking with the victim, the officer summoned an ambulance to take the victim to the hospital for examination. Segroves voluntarily went to the police station to be interviewed, but law enforcement determined that he was intoxicated, so Segroves stayed overnight to sober up before being interviewed. The next morning, after waiving his *Miranda* rights, Segroves admitted that he and the victim were both drunk and should not have had sex. However, Segroves maintained that it was consensual, and he denied having drugged the victim.

Segroves's attorney moved for a directed verdict, contending that the State failed to prove forcible compulsion and that the victim was an inconsistent, unbelievable witness. The circuit court denied the motion, the jury found Segroves guilty of one count of rape, and this appeal followed.

As pertinent here, a person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion or who is incapable of consent because she is physically helpless or mentally incapacitated. Ark. Code Ann. § 5-14-103(a) (Supp. 2021). "Sexual intercourse" means penetration, however slight, of the labia majora by a penis. Ark. Code Ann. § 5-14-101(13) (Supp. 2021). "Deviate sexual activity" is defined in part as the penetration, however slight, of the anus or mouth of a person by the penis of another person. Ark. Code Ann. § 5-14-101(1)(A). "Forcible compulsion" means physical force or a threat, express or implied, of death or physical injury

2

to any person.  Ark. Code Ann. § 5-14-101(3).  "Physically helpless" in this context includes being unconscious.  Ark. Code Ann. § 5-14-101(8)(A).

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only the evidence supporting the verdict will be considered.  *Walden v. State*, 2023 Ark. App. 177, __ S.W.3d __.  We recited the evidence above in that light.  A conviction is affirmed if substantial evidence exists to support it, meaning the evidence is forceful enough to compel a conclusion beyond suspicion or conjecture.  *Allen v. State*, 2022 Ark. App. 110, 640 S.W.3d 446.  The jury is responsible for determining witness credibility and resolving any inconsistencies in the evidence.  *Id.*

Reviewing this appeal under the proper standards, we hold that there was substantial evidence to support Segroves's conviction for rape.  Segroves admittedly had sexual relations with the victim that day.  The sole issue was whether the acts were committed either by forcible compulsion or while the victim was incapable of consent.  A rape victim's testimony may constitute substantial evidence to sustain a conviction of rape.  *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008).  The rape victim's testimony need not be corroborated, nor is scientific evidence required, and the victim's testimony describing penetration is enough for a conviction.  *Id.*  Even when an appellant denies all the allegations or contradicts the victim's testimony, the jury is free to disbelieve the appellant's self-serving testimony and believe the victim's testimony instead.  *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008).  Where the jury as trier of fact has given credence to inconsistent testimony, the appellate court will not reverse unless the testimony is inherently improbable, physically impossible, or so clearly

3

unbelievable that reasonable minds could not differ thereon. *Id.* The jury obviously believed the victim's testimony that Segroves committed at least one act of rape against her.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.